```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      NORTHERN DIVISION at COVINGTON
```

| | |
|---|---|
| JAMIE ANN NOE, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 2:10-CV-135-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) **MEMORANDUM OPINION & ORDER** |
| SECURITY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

            \*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 6, 9].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.  OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

**II. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an

inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**III. FACTUAL AND PROCEDURAL BACKGROUND**

In his September 1, 2009, decision, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

The ALJ found, after careful review of the record, including Plaintiff's subjective testimony at the administrative hearing, that Plaintiff had the following severe impairments: Hepatitis C with fatigue, anemia, and pancytopenia; hypoagulability; and degenerative disc disease of the lumbar spine. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1.

With respect to her ability to perform work, he found that she

had a residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b). Contrary to Plaintiff's allegations of disability, the ALJ found that she retained the residual functional capacity ("RFC") to perform a reduced range of light work activity:

> The claimant can lift/carry/push/pull 20 pounds occasionally, 10 pounds frequently; stand/walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds and is limited to only occasionally climbing ramps and stairs, stooping, kneeling, crouching, or crawling. The claimant can have no exposure to concentrated vibration, temperature extremes, or industrial hazards.

Given that Plaintiff had no relevant work experience, the ALJ relied on vocational expert ("VE") testimony and the Medical-Vocational Guidelines ("grids") as a framework for decision-making to determine there were jobs existing in significant numbers in the national economy that Plaintiff could perform. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2.

Ultimately, the ALJ concluded that Plaintiff was not under a disability at any time through September 1, 2009, the date of the decision.  Plaintiff then timely pursued and exhausted her administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

She challenges the Commissioner's conclusion at step three that she did not meet a Listing 5.05 for liver disease, his conclusion at step four with respect to her residual functional

4

capacity, and, by extension, his conclusion at step 5 that she could perform the jobs identified by the vocational expert. For the reasons which follow, the Court affirms the decision of the Commissioner.

**IV. DISCUSSION**

In her brief, Plaintiff argues that the ALJ should have evaluated her condition under section 5.05B of the Listings for chronic liver disease and that he failed to do so. In reviewing this argument, the Court notes that, contrary to Plaintiff's assertion that the ALJ failed to evaluate her condition under Listing 5.05, the ALJ did acknowledge that Plaintiff had been "recently diagnosed with Hepatitis C; however, the evidence does not satisfy the criteria of Section 5.05." He continued, finding that:

> . . . the record is devoid of evidence of esophageal varices with a documented history of massive hemorrhage attributable to these varices, performance of a shunt operation for esophageal varices, serum bilirubin of 2.5 mg. per deciliter or greater persistent on repeated examination for at least 5 months, hepatic encephalopathy, or confirmation of chronic liver disease by liver biopsy.

The criteria of the listings are demanding and stringent. *See Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). In order to show that one's combined impairments meet the

requirements of the Listings, Plaintiff "must satisfy all of the criteria to meet the listing." *Rabbers v. Commissioner of Social Security Admin.*, 582 F.3d 647, 653 (6th Cir. 2009) (citing 20 C.F.R. § 404.1525(c)(3)).  Plaintiff has come forward with no evidence establishing that the ALJ's Listings evaluation was erroneous because, in fact, she met the criteria of that Listing.

Certainly, there is evidence that she had a surgical procedure in November 2006, that she required a transfusion of two units of blood, and that she began hemorrhaging following a total abdominal hysterectomy for abnormal uterine bleeding, uterine fibroid, and ovarian cyst – but not as the result of chronic liver disease. There is also evidence that she suffered from Hepatitis C and had begun a course of treatment related to that disease.  This does not mean, however, that she has met Listing 5.05, and the ALJ did not err in determining that she did not.

Plaintiff also argues that the ALJ erred when he did not accept the physician capacities evaluation prepared by her treating physician, Kerry Burte, in which her physician indicated that she was extremely limited in terms of her ability to do work.  In that May 2009 evaluation, Dr. Burte opined that Plaintiff would be unable to lift or carry more than ten pounds occasionally.  Among numerous other limitations, Dr. Burte also opined that Plaintiff would be unable to stand/walk more than two hours or sit more than two hours during an eight-hour day. Dr. Burte indicated that these

limitations were due to "extreme" pain in Plaintiff's back and hips from three "herniated discs."

It was the ALJ's duty to consider and weigh all of the evidence, including Dr. Burte's evaluation. See 20 C.F.R. § 416.946. Medical source opinions of treating physicians are to be given great weight unless the ALJ articulates good reasons for not giving the opinions great weight. See 20 C.F.R. § 404.1527; *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004). If a treating source opinion is not supported by objective medical evidence, however, the ALJ is entitled to give the opinion less weight as long as he sets forth good reasons for the weight given the treating source opinion. See 20 C.F.R. § 416.927(d)(2); *see also Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007) (noting reversal not required where treating opinion was not ignored and good reasons were provided to the extent that opinion was rejected).

Here, the ALJ considered Dr. Burte's opinion of Plaintiff's functional capacity but rejected it with good reason. The ALJ noted that, contrary to Dr. Burte's assertion in the evaluation of Plaintiff's functional abilities, there was no medical evidence that Plaintiff had three herniated discs in her lumbar spine. Indeed, Plaintiff has not pointed to any evidence of record to the

contrary.[2]  The ALJ also noted that Plaintiff's reported daily activities, including reports that she was caring for her severely ill mother in 2008 (which care included lifting and helping her mother to get up and down) and lifting her child (albeit with reported pain), were inconsistent with the functional limitations to which Dr. Burte opined.

In his decision, the ALJ discussed Dr. Burte's opinion at length and provided good reasons, supported by the record evidence, for not giving the opinion controlling weight.  Thus, he did not err when he declined to adopt the limitations articulated there for the purposes of evaluating Plaintiff's residual functional capacity.[3]  *See Allen v. Comm'r of Social Security*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson*, 378 F.3d at 544.

---

[2] In this regard, the Court notes that a lumbar MRI performed in December 2006 did reveal bulging discs at L3-4 and L4-5 with no evidence of focal disc protrusion or significant compression of the thecal sac.  Lumbar x-rays performed at Dr. Burte's request in April 2009 demonstrated "normal appearing vertebral bodies and no compressions."

[3] Plaintiff also argues that the ALJ failed to evaluate the cumulative effect of her ailments.  Specifically, she complains that he failed to consider her recent diagnosis with hepatitis C, the symptoms of that disease and the extensive treatment that she would require for that, and the hematological disorders in from which she suffers in determining her RFC.  The reality is, however, that he did consider her impairments together [*see* AR at 19] and ultimately determined that they would impact her ability to perform some work-related activities.  Her real complaint is that he did not reach the conclusion that she and her treating physician would reach – that this combination of impairments precluded her from performing all work related activities.  As explained above, however, the ALJ properly rejected the limitations to which her treating physician opined.

**V.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1)  That the Commissioner's motion for summary judgment [Record No. 9] be, and the same hereby is, **GRANTED;** and

(2)  That Plaintiff's motion for summary judgment [Record No. 6] be, and the same hereby is, **DENIED.**

This the 30th day of September, 2011.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge